No. 45,208

Sylvanus G. Felix, *Plaintiff*, v. Consolidated Petroleum, Inc.,
Defendant, *Appellee* (in Receivership) and S & B Oil Well
Services, Inc., Intervening Creditor in Receivership, *Appellant*.

(449 P. 2d 285)

Opinion filed January 25, 1969.

*Warren J. Heikes*, of El Dorado, argued the cause, and *W. H. Coutts, Jr.*, and *Wm. Arlen Spies*, of El Dorado, were with him on the brief for appellant.

*James R. Barr*, of Wichita, argued the cause, and *Wilbur D. Geeding*, of Wichita, was with him on the brief for appellee-receiver.

*C. H. Pugh*, of Wichita, was on the brief for plaintiff.

The opinion of the court was delivered by

Fatzer, J.: This appeal is from a receivership proceeding in the Sedgwick district court in which the claim of the appellant was allowed in part only.

On August 9, 1966, the appellant, S & B Oil Well Services, Inc., hereafter referred to as Well Services, commenced an action in the Butler district court against Consolidated Petroleum, Inc., hereafter referred to as Consolidated, upon a series of written contracts whereby the appellant furnished certain oil well services to Consolidated for which it refused to pay. Consolidated retained an attorney who entered his appearance in the action, and in due course judgment was rendered in favor of Well Services and against Consolidated as prayed for in the petition, to-wit:

"[I]n the sum of One Thousand Nine Hundred Fifty-Eight Dollars Three Cents ($1,958.03) *together with interest thereon at the rate of eight percent (8%) per annum from and after June 1, 1964, until paid*," (emphasis supplied).

together with the costs of the action.

Subsequently, and on a date not disclosed by the record, Sylvanus G. Felix commenced the action out of which this appeal arises, in the Sedgwick district court to recover the sum of $257,075.65 from Consolidated, and sought the appointment of a receiver.

On January 25, 1967, the district court found that Consolidated was indebted to various creditors and was financially unable to pay its indebtedness as the same became due and payable and that a receiver should be appointed to administer its assets under order of the court. On that date, a receiver was appointed and required to give notice of his appointment so as to permit all creditors, secured or otherwise, to intervene by filing their claims in the action.

On June 20, 1967, Well Services timely intervened in the receivership proceedings and filed its verified claim based on the judgment rendered in the Butler district court against Consolidated in the sum of $1,958.03 together with interest thereon at the rate of eight percent per annum from June 1, 1964, until paid, and the court costs in that action in the sum of $19.33. A certified copy of the journal entry of judgment was attached to the claim and marked Exhibit A.

On July 13, 1967, a hearing was had in the receivership proceedings. The court received the report of the receiver and found there was on hand the sum of $6,665.74, being the proceeds of the oil runs from the Groth Lease owned by Consolidated, less monthly operating expenses, and that "there has been filed the following un-unsecured creditors' claims, which should be allowed *as filed* . . ." (Emphasis supplied.) The court's order then listed nine so-called "trade creditors," including Well Services whose claim was allowed in the sum of $1,977.36, being the principal amount of the Butler district court judgment plus court costs in the sum of $19.33. The court further found the receiver should continue to operate the Groth Lease, and out of the proceeds to pay first all claims under $50 which had been filed and allowed, and thereafter pay all remaining claims filed and allowed on a pro rata basis except the claim of Sylvanus G. Felix whose claim was distinguished from the other unsecured trade creditors by reason of his equity interest in Consolidated. The pro rata payments were directed to be made to the creditors at intervals of not less than three months nor more than six months. The order recited that upon payment in full of the trade creditors, the court would, upon report of the receiver, entertain further directions. The order then stated:

"It Is Further Ordered, Adjudged and Decreed that the unsecured claims which have heretofore been allowed shall be subject to payment out of the proceeds coming into the hands of the receiver in the following order, to-wit:

"1. All claims under $50.00 in full forthwith.

"2. All remaining unsecured claims which have been allowed, except the claim of Sylvanus G. Felix, on a pro rata basis at intervals of not less than three months nor more than six months.

"3. The claim of Sylvanus G. Felix.

"The receiver is to report to the Court at such time as all claims except for the claim of Sylvanus G. Felix have been paid in full, at which time the Court will set this matter for hearing for the purpose of determining further directions for this receivership."

Subsequently, the receiver sent Well Services a check in partial payment of its claim, together with a letter which advised that its claim had not been allowed in full as filed, and that interest was not allowed. Counsel for Well Services, considering the Sedgwick district court's journal entry unclear and ambiguous as to whether interest had been allowed in accordance with the Butler district court's judgment, filed a motion asking the court for clarification of of the journal entry.

On September 22, 1967, the district court modified its judgment by striking out the words "as filed," heretofore emphasized, and stated that the purpose of the modification was to exclude interest due Well Services pursuant to the Butler district court judgment. Hence, this appeal.

Pursuant to Well Services' claim and the terms of the Butler district court judgment, it was entitled to interest at the rate of eight percent per annum from June 1, 1964, until paid. Its claim was the only one of that class, and we are of the opinion the district court erred in failing to allow interest thereon at least until January 25, 1967, the date the receiver took possession and control of Consolidated's assets. The question presented was decided in *Emerald Inv. Co. v. Harwi Hardware Co.*, 145 Kan. 31, 64 P. 2d 16, and it was held:

"In insolvency proceedings, when the assets are insufficient to pay claims to creditors in full, the general rule is that interest is not allowed upon such claims after the court takes possession of the assets.

"In insolvency proceedings, when the assets are more than sufficient to pay all claims in full, creditors usually are entitled to interest on their claims until payment is made.

"In insolvency proceedings, a creditor who might have collected interest until he was paid may waive interest pending the proceeding, or may lose his right to collect such interest by failure to make proper or timely application therefor." (Syl. ¶¶ 1, 2, 3.)

In that case, the district court allowed interest on all claims up to and including the date the receiver took possession of the assets of the debtor corporation. The receiver efficiently conducted the hardware business under the order of the court and made partial payments upon the claims allowed. Later, he had sufficient funds to pay the balance due on all claims allowed and sent checks marked "payment in full," and sought his discharge. The creditors there involved sought payment of interest pending the proceedings, but they failed to make timely objection to the court's order allowing interest on their claims only to the date of appointment of the receiver. Upon appeal, this court held that the creditors were entitled to interest up to and including the date the receiver took possession of the assets of the debtor corporation, but not subsequent thereto in the absence of a claim therefor, and in the opinion it was said: '

"The general rule in insolvency proceedings, such as receiverships, bankruptcy, assignments for benefit of creditors, and the like is to allow interest on the claims of creditors only to a fixed date, as the date the court took charge of the assets. This is founded on the fact that in the great majority of such cases the assets of the estate are insufficient to pay the claims of all creditors in full. In such cases, to allow interest pending the insolvency proceedings to some creditors and not to others, or at different rates to different creditors, would result in an inequitable distribution among creditors of the assets which passed into the possession of the court. It would also complicate the procedure, tend to increase the expense, and delay closing the proceedings; hence, courts of equity in such cases quite uniformly decline to allow interest pending the insolvency proceedings. In the comparatively few insolvency proceedings in which the assets prove to be more than sufficient to pay all claims in full, including interest pending the proceedings, generally speaking, the creditors are entitled to interest on their claims until paid in full; provided, of course, their claims are of an interest-bearing character. Whether that is done, however, is governed by equitable principles; that is to say, if interest can be paid pending the proceedings on all claims of the same class, if timely application is made therefor, if there has been no waiver thereof, and if no other just reason appears to defeat such recovery. . . ." (l. c. 33, 34.)

The record indicates that most, if not all, of the trade creditors, other than Well Services, failed to demand interest on their claims. Well Services' claim and its judgment was for interest from the date

indicated until paid. The interest was as much a part of the whole of the judgment as was the principal amount due, and it was entitled to be allowed interest thereon until the date the receiver took possession of Consolidated's assets.

Whether the main asset of Consolidated, a producing oil well, will produce sufficient income to permit payment in full of all the claims of the trade creditors, cannot be ascertained at this time. However, in the event the receiver is prepared to pay the balance due on all first and second class claims allowed in the court's order of July 13, 1967, under the legal and equitable principles set out above, interest pending the proceedings may properly be allowed if, and when, Well Services' claim is paid in full.

The judgment is reversed with directions to allow Well Services' claim with interest up to and including the time the receiver took possession of Consolidated's assets, and, in the event those assets are sufficient to pay in full the first and second class claims allowed by the court, that interest be paid on its claim in accordance with the views expressed herein.

It is so ordered.